**Andrew A. Cohen and Carl A. Secola, Jr., Special Masters,**

**Hans LORICCO and North Haven Auto Sales & SVC., Inc., Plaintiffs–Appellees,**

v.

**Anthony RESCIGNO, Defendant–Appellant,**

**Kevin Connolly and Town of North Haven, Defendants.**

No. 03–7541.

United States Court of Appeals, Second Circuit.

March 5, 2004.

Thomas R. Gerarde, (John J. Radshaw, III, on the brief), Howd & Ludorf, Hartford, CT, for Appellant.

John R. Williams, New Haven, CT, for Appellees.

Present: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the final order of the District Court is AFFIRMED.

Defendant–Appellant Anthony Rescigno ("Rescigno"), former First Selectman of the town of North Haven, Connecticut, appeals from an order of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Chief Judge*) denying Rescigno's motion for summary judgment on qualified immunity grounds.

Because the District Court did not deny summary judgment on purely legal grounds, we have jurisdiction only to the extent that Rescigno contends he is entitled to immunity based on the plaintiff's version of the facts. *See Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760–61 (2d Cir.2003). Plaintiff–Appellee Hans Loricco alleges that Rescigno violated his Fourth Amendment and Fourteenth Amendment rights by breaking into his locked service station without a warrant in order to allow third parties to retrieve their personal belongings from the station.

In applying the qualified immunity test on summary judgment, the court must determine whether, construing the facts in the light most favorable to the plaintiff, the defendant's conduct violates a constitutional right, and if so, whether that right was clearly established at the time of the challenged conduct. *See, e.g., Poe v. Leonard*, 282 F.3d 123, 132 (2d Cir.2002).

In this case, viewing the facts in plaintiff's favor, a jury could find that Rescigno either intentionally broke into Loricco's service station or authorized third parties to take such action. Whether viewed as a warrantless entry, search, or seizure, this conduct in the absence of statutory authorization, emergency circumstances, or probable cause to believe that any illegal activity was occurring on the premises would clearly violate the Fourth Amendment. *See Anobile v. Pelligrino*, 303 F.3d 107, 117 (2d Cir.2002) (explaining that "[t]he Fourth Amendment protects against unreasonable searches of commercial premises"). Moreover, the general principles governing warrantless entry onto private commercial property are sufficiently well-established to give Rescigno fair notice that the alleged conduct was barred by the Fourth Amendment. *See, e.g., New York v. Burger*, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). For these reasons, and because Rescigno identifies no other errors in the District Court's qualified immunity analysis with regard to Loricco's Fourth Amendment claim, we affirm.

Rescigno also argues that he is entitled to qualified immunity with regard to Loricco's Fourteenth Amendment procedural due process claim. However, Rescigno failed to argue the applicability of *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), before the District Court, and we decline to address this argument for the first time on appeal. *See Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 264 (2d Cir.2003).

Accordingly, the judgment of the District Court is AFFIRMED.